IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MAGNUS, INC.,                                  )
                                               )
         Plaintiff,                            )
                                               )       CIVIL ACTION
v.                                             )
                                               )       No. 10-1422-KHV
GLOBAL INDEMNITY GROUP, INC., f/k/a            )
UNITED AMERICA INSURANCE GROUP,                )
d/b/a DIAMOND STATE INSURANCE                  )
COMPANY,                                       )
                                               )
         Defendant.                            )
_____)

**MEMORANDUM AND ORDER**

Plaintiff brings this diversity action against Global Indemnity Group, Inc. f/k/a United America Insurance Group d/b/a Diamond State Insurance Company, alleging breach of insurance policies. This matter is before the Court on the Global Indemnity Group, Inc., f/k/a United America Insurance Group's Motion To Dismiss Plaintiff's Complaint (Doc. #4) filed January 19, 2011. Under Rule 12(b)(6), Fed. R. Civ. P., Diamond State Insurance Company seeks to dismiss Global Indemnity Group, Inc. as a defendant to this lawsuit.

Plaintiff has sued a single entity which appears to have operated under different names: Global Indemnity Group, Inc. f/k/a United America Insurance Group d/b/a Diamond State Insurance Company. Plaintiff alleges that Diamond State Insurance Company issued insurance policies on which Global Indemnity Group, Inc. and United America Insurance denied claims. Global Indemnity Group argues that the claims against it should be dismissed under Rule 12(b)(6) for failure to state a claim. Specifically, Global Indemnity argues that neither it nor United America Insurance group were parties to the policies, that the complaint does not allege otherwise, and that plaintiff's claims against them should be dismissed.

**Legal Standards**

In ruling on defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P., the Court assumes as true all well-pleaded factual allegations and determines whether they plausibly give rise to an entitlement of relief. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter to state a claim which is plausible – and not merely conceivable – on its face. Id.; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955 (2007). In determining whether a complaint states a plausible claim for relief, the Court draws on its judicial experience and common sense. Iqbal, 129 S. Ct. at 1950.

The Court need not accept as true those allegations which state only legal conclusions. See id.; Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). Plaintiff bears the burden to frame its complaint with enough factual matter to suggest that it is entitled to relief; it is not enough to make threadbare recitals of a cause of action accompanied by mere conclusory statements. Iqbal, 129 S.Ct. at 1949. Plaintiff makes a facially plausible claim when it pleads factual content from which the Court can reasonably infer that defendant is liable for the misconduct alleged. Id. Plaintiff must show more than a sheer possibility that defendant has acted unlawfully – it is not enough to plead facts that are "merely consistent with" defendant's liability. Id. (quoting Twombly, 550 U.S. at 557). A pleading which offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not stand. Id. Similarly, where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged – but not "shown" – that the pleader is entitled to relief. Id. at 1950. Finally, the degree of specificity necessary to establish plausibility and fair notice depends on context, because what

constitutes fair notice under Rule 8(a)(2) depends upon the type of case. Robbins v. Oklahoma, 519 F.3d 1242, 1248 (10th Cir. 2008) (quoting Phillips v. Cnty. of Allegheny, 515 F.3d 224, 232-32 (3d Cir. 2008)).

**Factual Background**

Plaintiff's complaint (Doc. #1) and exhibits may be summarized as follows:

In 2008, in the District Court of Ellis County Kansas, Magnus, Inc. filed suit against Keith Jabben d/b/a Precision Designed Products ("PDP") for breach of contract and breach of warranties. Case No. 2008-CV-0003. The Ellis County District Court later transferred the case to the District Court of Montgomery County, Kansas, Case No. 2008-CV-119I. See Doc. #1-1.

Under its commercial general liability insurance policies M5123112, M5123112-1, M5123112-2 and M5123112-3, PDP filed a claim with Diamond State Insurance Company for coverage and defense of the lawsuit. Diamond State Insurance Company denied the claim on August 13, 2009. See Docs. ##1, 1-1. Claim examiner Dave Stepenosky issued the denial letter on United America Insurance Group letterhead on behalf of Diamond State Insurance Company.

PDP later confessed judgment and stipulated to $284,519.75 in damages. See Doc. #1-2. Magnus and PDP then entered a settlement agreement in which PDP assigned its rights against Diamond State Insurance Company (and its parent, subsidiaries or affiliates) under the policies.

As assignor of PDP's insurance policy benefits, Magnus alleges that defendant denied coverage without cause and is liable for the $284,519.75 judgment. Magnus also alleges that defendant breached its duty to defend and is liable for $27,273.53.

**Analysis**

Global Indemnity Group argues that the claims against it should be dismissed under Rule 12(b)(6) because neither it nor United America Insurance group were parties to the policies upon

which plaintiff bases its claims. Defendant further notes that plaintiff incorrectly characterizes Diamond State Insurance Company as a d/b/a of Global Indemnity Group, Inc. f/k/a United America Insurance Group.

Plaintiff responds that it characterized Diamond State Insurance Company as a d/b/a of Global Indemnity Group, Inc. because it received correspondence regarding the policies from United America Insurance Group and Global Indemnity Group, Inc. which identified "Diamond State Insurance Company" as a registered U.S. trademark rather than a legal entity. Plaintiff further argues that it properly served Diamond State Insurance Company and that rather than dismiss the case, the Court should (at most) amend the case caption to more clearly reflect that Diamond State Insurance Company is defendant's legal name.

Courts will generally allow amendment of the case caption to correct technical defects when the body of the complaint correctly identifies the party being sued. See Heberlin v. Bd. of Trs. of Labette Cnty. Med. Ctr., No. 06-2221-JWL, 2006 WL 2355852, at *1 (D. Kan. Aug. 15, 2006). From the record, it appears that plaintiff mischaracterized Diamond State Insurance Company as a d/b/a of Global Indemnity Group, Inc. rather than a separate legal entity which is capable of suing and being sued in its own name. Plaintiff has not served or separately sued Global Indemnity Group or United America Insurance Group, which thus are not parties to the case and have no claims pending against them. The complaint does not purport to state plausible claims as to these two defendants, and their motion to dismiss is therefore overruled as moot. The Court amends the case caption to reflect that Diamond State Insurance Company is the properly named defendant.

**IT IS THEREFORE ORDERED THAT** Global Indemnity Group, Inc., f/k/a United America Insurance Group's Motion To Dismiss Plaintiff's Complaint (Doc. #4) filed January 19,

4

2011 be and hereby is **SUSTAINED in part**. The case caption shall be amended to name "Diamond State Insurance Company" as the sole defendant. To the extent defendants seek to dismiss claims against Global Indemnity Group, Inc. and/or United America Insurance Group, Inc., the motion is **OVERRULED** as moot.

Dated this 29th day of March, 2011 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
