
# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MAGNUS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| v. ) | |
| ) | No. 10-1422-KHV |
| **DIAMOND STATE INSURANCE COMPANY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on Defendant [Diamond State Insurance Company's] Motion To Amend And Certify Order For Interlocutory Appeal Under 28 U.S.C. § 1292(b) And Motion To Stay Proceedings Pending Appeal ("Motion To Certify Interlocutory Appeal") (Doc. #62) filed April 13, 2015. Diamond State asks the Court to stay these proceedings and certify an immediate appeal of the Memorandum And Order (Doc. #58) filed March 31, 2015 which overruled Diamond State's motion for summary judgment. For reasons set forth below, the Court overrules the motion.

## Legal Standards

Pursuant to 28 U.S.C. § 1291, courts of appeal have jurisdiction of appeals from all final decisions of the district courts of the United States. A district judge may certify an interlocutory order for immediate appeal when she believes that (1) the order involves a controlling question of law; (2) substantial ground for difference of opinion exists with respect to the question of law; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

**Factual Background**

The Court incorporates the facts set forth in its Memorandum And Order (Doc. #58) at 3-9. Briefly summarized, Magnus seeks to recover under a commercial general liability ("CGL") insurance policy which Diamond State issued to Precision Designed Products ("PDP"). Magnus seeks indemnity and defense costs for claims which it asserted against PDP for business loss arising from faulty arrow broadhead adapters supplied by PDP.[1]

**Analysis**

In its previous order, the Court found that Diamond State had not shown as a matter of law that the CGL policy provided no coverage for intangible damages, i.e. loss of business. See Memorandum And Order (Doc. #58) at 17-19. Specifically, the Court found that on these facts, significant case law supported the argument that damages for lost business constituted "damages because of . . . 'property damage'" under the policy. Id. at 18-19. Because neither side had cited or discussed such authority, the Court declined to decide the matter absent further briefing. See id. at 19.

Diamond State asserts that a substantial ground for difference of opinion exists regarding this ruling.[2] Specifically, Diamond State asserts that because the Court cited one case which found a conflict between Michigan and California law – i.e. Michigan allows intangible damages under

---

[1] To settle the underlying state case, PDP consented to judgment in the amount of $284,519.75 and assigned Magnus its rights to recover under CGL policies.

[2] Diamond State asserts that courts are divided on the substantive issue. See Motion To Certify Interlocutory Appeal (Doc. #62) at 4-6 (asserting differing opinions regarding whether CGL policy provides coverage for lost profits). It does not assert that courts are divided on whether judges should decide summary judgment issues without adequate briefing and argument by the parties. Furthermore, it does not show how resolving this issue of judicial procedure will materially advance the ultimate termination of this litigation.

CGL policies and California does not – it is "clear" that "in certain jurisdictions," allegations of intangible damages are not sufficient to trigger a duty to defend.[3] Motion To Certify Interlocutory Appeal (Doc. #62) at 4 (citing Northland Ins. Co. v. Guardsman Prods., Inc., 141 F.3d 612, 617 (6th Cir. 1998)). Other than California, Diamond State cites no jurisdiction which disallows intangible damages under CGL policies like those involved here. And California law has no apparent relevance to this case.

Diamond State asserts that under Dreis & Krump Mfg. Co. v. Phoenix Ins. Co., 548 F.2d 681 (7th Cir. 1977), no coverage exists. Specifically, it argues that in the underlying complaint, Magnus alleged only intangible damages, i.e. lost profits, and not actual injury to physical property. See Motion To Certify Interlocutory Appeal (Doc. #62) at 4-5. Diamond State points out that in the state court petition, Magnus claimed that it lost business because PDP arrow inserts "were too soft and inappropriate for use." Id. at 1-2 (citing Petition ¶¶ 5-6, Exhibit A to Defendant's Memorandum In Support Of Its Motion For Summary Judgment (Doc. #18) filed July 11, 2011). Diamond State asserts that although Magnus now alleges that property damage occurred – i.e. that removable broadheads became permanently affixed to arrows – it did not so allege in the state court petition and therefore cannot recover under the CGL policy. See id. at 1.

As an initial matter, the Court notes that the Seventh Circuit decided Dreis under Illinois law, almost 40 years ago. More recently, the Seventh Circuit has found that under Illinois law, CGL

---

[3] The Court also cited four cases which found that intangible losses can constitute "damages because of . . . 'property damage'" under a CGL policy. See Memorandum And Order (Doc. #58) at 18-19 (citing Mid-Continent Cas. Co. v. Circle S Feed Store, LLC, 754 F.3d 1175, 1187-85 (10th Cir. 2014) (New Mexico law); Nat'l Union Fire Ins. of Pittsburgh, Pa. v. Puget Plastics Corp., 532 F.3d 398, 403 (5th Cir. 2008) (Texas law); Wausau Underwriters Ins. Co. v. United Plastics Grp., Inc., 512 F.3d 953, 956-58 (7th Cir. 2008) (Illinois law); Ferrell v. W. Bend Mut. Ins. Co., 393 F.3d 786, 794 (8th Cir. 2005) (Wisconsin law)).

policies provide coverage for business losses which arise from damage to property. See Wausau Underwriters Ins. Co. v. United Plastics Grp., Inc., 512 F.3d 953, 956-58 (7th Cir. 2008). Moreover, Dreis involved an insurer's duty to defend, to which the Seventh Circuit applied a four-corners-of-the-complaint test. In other words, under Illinois law, the Seventh Circuit examined whether the complaint facially alleged a cause of action which is potentially covered. See Dreis, 548 F.2d at 682-83. Here, Diamond State sought summary judgment on the issue of indemnity, but not the duty to defend. See Memorandum And Order (Doc. #58) at 11 & n.13. Moreover, under Kansas law, in determining whether insurers have a duty to defend, courts look beyond the complaint to whether the insurer could reasonably discover any facts which would give rise to potential liability under the policy. See Spruill Motors, Inc. v. Universal Underwriters Ins. Co., 212 Kan. 681, 686, 512 P.2d 403, 407 (1973). Thus, contrary to Diamond State's assertions, Dreis does create or demonstrate a substantial ground for difference of opinion.

On this record, Diamond State has not shown a substantial ground for difference of opinion regarding the Court's ruling. Moreover, because the Court actually declined to decide the issue which Diamond State seeks to appeal, an immediate appeal would not materially advance the ultimate termination of the proceedings. Accordingly, the Court declines to certify the matter for interlocutory appeal.

**IT IS THEREFORE ORDERED** that Defendant [Diamond State Insurance Company's] Motion To Amend And Certify Order For Interlocutory Appeal Under 28 U.S.C. § 1292(b) And Motion To Stay Proceedings Pending Appeal (Doc. #62) filed April 13, 2015 be and hereby is **OVERRULED**.

Dated this 27th day of April, 2015 at Kansas City, Kansas.

<div style="text-align:right">
s/ Kathryn H. Vratil<br>
Kathryn H. Vratil<br>
United States District Judge
</div>